

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
ANTHONY W. HALL,

                            Plaintiff,

      -against-

US BANK, CEO ANDREW CECERE, et al.,

                           Defendant.

------------------------------------------------------------- x

MEMORANDUM & ORDER

1:20-cv-277 (ENV)

VITALIANO, D.J.

      Plaintiff Anthony W. Hall brings this action invoking federal question jurisdiction, under 28 U.S.C. § 1331, to challenge the foreclosure on his real property located in Brooklyn.[1] Plaintiff's application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, is granted solely for the purpose of this Order. In accord with the reasons discussed below, the complaint is dismissed.

<u>The Law Controlling</u>

      Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[1] It must be noted that plaintiff has filed multiple actions in this district as Anthony Hall, Anthony W. Hall and Anthony Winston Hall all of which have been dismissed. *See, e.g., Hall v. The Bank of New York Mellon*, No. 19-CV-7322 (ENV); *Hall v. Shellpoint Mortgage*, No. 19-CV-1807 (ENV); *Hall v. Cooper*, No. 19-CV-1684 (ENV); *Hall v. Select Portfolio*, No. 19-CV-1683 (ENV); *Hall v. Specialized Loan*, No. 19-CV-1518 (ENV); *Hall v. Nationstar Mortgage LLC*, No. 16-CV-4264 (ENV); *Hall v. United States*, No. 16-CV-2073 (MKB); *Hall v. The Bank of New York Mellon*, No. 15-CV-7156 (MKB); *Hall v. Nationstar Mortgage LLC*, No. 13-CV-5550 (ENV).

1

Although *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 175, 66 L. Ed. 2d 163 (1980), a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1973, 167 L. Ed. 2d 929 (2007). Inescapingly, a *pro se* plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).

## Background

Plaintiff brings this action in connection with foreclosure proceedings filed in Kings County Supreme Court related to his real property located at 783 Autumn Avenue. *See U.S. Bank v. Grant et al.*, Index No. 508016/2016; Compl. at 12.[2] It is unclear whether a judgment of foreclosure has been entered, but, suggesting so, plaintiff alleges that defendants engaged in fraud and seeks to have his "home returned to me free and clear of any and all liens. I want all securities associated with loan my name and property awarded to me." *Id.* at 8-9.

---

[2] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

Discussion

Federal courts are courts of limited jurisdiction. They may not hear cases if they lack subject matter jurisdiction over the issues presented. *Singh v. U.S. Citizenship and Immigration Servs.*, 878 F.3d 441, 445 (2d Cir. 2017); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016). The statutory provisions for federal subject matter jurisdiction are set forth plainly in 28 U.S.C. §§ 1331 and 1332. Federal question jurisdiction empowers federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 126 (2d Cir. 2016) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes jurisdiction when he pleads a colorable claim based on a provision of the Constitution or laws of the United States as opposed to the law of a state. *Id.* Under diversity jurisdiction, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are citizens of different states and "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court even without the motion of a party. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action and make no decision as to its merit. Fed. R. Civ. P. 12(h)(3); *Arbaugh*, 546 U.S. at 514 (2006);

*Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont*, 565 F.3d 56, 62–3 (2d Cir. 2009).

Over and above any subject matter jurisdiction shortfall, to the extent Hall challenges a pending foreclosure action in state court, his demanding of injunctive relief must be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). In compliance with the *Younger* doctrine, federal courts must abstain from hearing matters "where federal review would disrupt state proceedings that: (1) are pending; (2) implicate important state interests; and (3) provide the plaintiffs an adequate opportunity to litigate federal claims." *Fraser v. Aames Funding Corp.*, No. 16-CV-448, at *3-4 (E.D.N.Y. Jan. 24, 2017), report and recommendation adopted *sub nom. Fraser v. Deutsche Bank Nat'l Tr. Co.*, No. 16-CV-448, 2017 WL 563972 (E.D.N.Y. Feb. 10, 2017); *see also Hansel v. Town Ct. for Town of Springfield*, 56 F.3d 391, 393 (2d Cir. 1995).

In *Sprint Commc'ns, Inc. v. Jacobs*, the Supreme Court placed clarifying limitations on the scope of the *Younger* abstention doctrine to three classes of state court proceedings. The limitation is of no help to Hall since the bar on federal court interference still applies to (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." 571 U.S. 69, 72–73, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013). "The *Younger* requirements 'are more than adequately satisfied' when mortgage foreclosure proceedings, which 'concern the disposition of real property and hence implicate important state interests[,]' are pending in state court, 'and there is no reason to doubt that the state proceedings provide [the would-be federal plaintiff] with an adequate forum to make the arguments he seeks to raise in [federal] court.'" *LaTouche v. Wells Fargo Home*, No. 16-CV-1175, 2017 WL 8776975, at *5 (E.D.N.Y. Aug. 25,

2017) (internal citations omitted). *See also Wenegieme v. US Bank National Assoc.*, No. 16-CV-2634, 2016 WL 3348539, at *2 (E.D.N.Y. June 9, 2016). In the light of these precedents, Hall's request for injunctive relief, as it seems from his papers, would directly interfere with any ongoing state court foreclosure proceedings and are barred by the *Younger* abstention doctrine.

But even if the stars were otherwise in alignment for the presence of federal question subject matter jurisdiction, to the extent Hall seeks intervention in his dispute with defendants regarding a judgment of foreclosure of his property, the Court is also without such jurisdiction to grant him the relief he seeks. It is well settled that judgments of foreclosure are fundamentally matters of state law. *See, e.g., Worthy-Pugh v. Deutsche Bank National Trust*, 664 F. App'x 20, 21 (2d Cir. Oct. 18, 2016) (summary order); *see also Hung v. Hurwitz*, No. 17-CV-4140, 2017 WL 3769223 at *2 (E.D.N.Y. Aug. 29, 2017). Plaintiff also cannot invoke subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as complete diversity of citizenship is lacking.

## Conclusion

In line with this analysis, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3). Further, in keeping with its duty to liberally construe *pro se* complaints, the Court has considered whether to grant leave to amend the complaint, but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

Separately, plaintiff is again strongly cautioned that this Court will not tolerate frivolous litigation and "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions," including a monetary fine or "restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotation marks omitted).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920, 8 L. Ed. 2d 21 (1962). The Clerk of Court is directed to mail a copy of this memorandum and order to plaintiff, to enter judgment accordingly and to close the case.

So Ordered.

Dated: Brooklyn, New York
February 2, 2020

s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge